```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KESTON BRAITHWAITE,

                    Plaintiff,

         -against-                          MEMORANDUM & ORDER
                                            22-CV-0974(JS)(AYS)
STEVEN GAITMAN, ESQ.; JASON RUSSO,
ESQ.; GAITMAN & RUSSO, PLLC; and
ALBER LAW GROUP BY JASON RUSSO, ESQ.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Keston Braithwaite, pro se
                    759792
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No appearance.
```

SEYBERT, District Judge:

On February 17, 2022, pro se plaintiff Keston Braithwaite ("Plaintiff") commenced this action while incarcerated by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against his defense attorneys in an underlying on-going state criminal prosecution:[1] Steven Gaitman, Esq.; Jason Russo, Esq.

---

[1] (See Compl. ECF 1 at 5.) In addition, according to the information maintained by the New York State Office of Court Administration on its public website, Plaintiff is a pretrial detainee having pled not guilty in Suffolk County Court, Criminal Term, Case No. 00308C-2020, to a multi-count indictment including two counts of Operating as a Major Trafficker, a class A-1 felony,

1

("Russo"); Gaitman & Russo, PLLC; and the Alber Law Group By Jason Russo, Esq. (collectively, the "Defendants"). (Compl., ECF No. 1.) Plaintiff filed an application to proceed in forma pauperis ("IFP") with the Complaint (hereafter, the "Application"). (IFP Application, ECF No. 2.)

For the reasons that follow, Plaintiff's IFP Application is GRANTED; however, his Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

### BACKGROUND[2]

Plaintiff utilized the Court's form complaint for civil rights actions pursuant to Section 1983 with an additional twenty-two pages of attachments. (See Compl., ECF No. 1.) The gravamen of Plaintiff's Section 1983 claims against the Defendants is that they provided ineffective assistance of counsel during his on-going criminal prosecution and that they conspired with the Suffolk County Court and the Suffolk County Attorney against him. (See id., generally and at 4.) Plaintiff complains that the Defendants "stole $21,000 from Plaintiff and his family" in that they "failed to address warrantless searches, illegal searches of subject

---

and Conspiracy in the Second Degree, a class B felony.

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

locations, denied Plaintiff access to the law by consenting to the People's ex parte applications, and failed to protect the rights of Plaintiff." (Id.) According to Plaintiff's allegations: Plaintiff was produced for court appearances on only two of the fourteen court dates at which counsel allegedly appeared on his behalf; over Plaintiff's objection, "Russo gave consent for the District Attorney's office to take DNA samples" (id. at 20); and the Defendants represented to Plaitniff that motions were filed on Plaintiff's behalf in state court, including a habeas petition, that were not (see id. at 12-14, 17). As a result of the foregoing, Plaintiff claims a deprivation of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (Id. at 22.) Plaintiff claims to have suffered "pain and suffering, mental pain and suffering, emotional distress, unlawful imprisonment and wrongful excessive confinement" for which he seeks to recover a damages award in the total sum of $3 million and an unspecified injunction. (Id. ¶¶ 2.A., 3.)

## DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

Having reviewed his financial status, the Court finds that Plaintiff is qualified to commence this action without

prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP Application is GRANTED.

## II. Consideration of Complaint Under the Section 1915A Analysis

### A. Applicable Law

#### 1. 28 U.S.C. § 1915A(a)

Section 1915A of Title 28 requires federal district courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights complaint, or any portion of that complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint without prejudice if the Court lacks subject matter jurisdiction. See FED. R. CIV. P. 12(h)(3). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant,

4

537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

      2. Section 1983

Section 1983 authorizes a civil claim for damages against any person who, acting under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or the laws of the United States. See 42 U.S.C. § 1983; Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must "allege that (1) the

challenged conduct was attributable at least in part to a person who was acting under color of state law[,] and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

3. State Action

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law. Thus, private parties are not generally liable under Section 1983 because such liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (citation omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan,

6

526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted).

Generally, attorneys are not state actors for purposes of Section 1983 regardless of whether they are court-appointed or retained. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also O'Donoghue v. U.S. Soc. Sec. Admin., 828 F. App'x 784, 787 (2d Cir. 2020) (citing Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act under color of state law and therefore are not subject to suit under 42 U.S.C. § 1983.")); see also Pappas v. Lorintz, No. 19-3103, 832 F. App'x 8, 2020 WL 6066083, at *3 (2d Cir. Oct. 15, 2020) (summary order) (affirming dismissal of constitutional claims against a private lawyer because lawyer was not a state actor, not acting under color of state law, and not subject to a § 1983 claim) (citing McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014)).

Nevertheless, liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement

7

between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id.; Lewis v. Roth, No. 21-CV-6818(JS)(ARL), 2022 WL 393634, at *2 (E.D.N.Y. Feb. 9, 2022).

B. Application

Here, Plaintiff's Complaint must be dismissed because none of the Defendants are state actors; nor does Plaintiff properly allege a conspiracy. (See Compl. ECF No. 1, generally.) Rather, in conclusory fashion, Plaintiff alleges that the Defendants "conspired against Plaintiff's rights along with a Suffolk County Court and the District Attorney's Office of Suffolk County." (Id. at 4.) However, wholly absent are any factual allegations from which the Court could reasonably construe: an agreement between any of the Defendants and a state actor; any agreement to in concert to inflict an unconstitutional injury; or, any overt act done to inflict an unconstitutional injury on Plaintiff causing damages. Rather, Plaintiff's allegations are speculative and conclusory, and do not set forth a plausible Section 1983 claim against the Defendants. See Ciambriello, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a §

8

1983 claim against the private entity.") (citations omitted); Ravenell v. County of Nassau, No. 18-CV-6010(JS)(AKT), 2019 WL 5423435, at *7 n.6 (E.D.N.Y. Oct. 21, 2019). Accordingly, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).[3]

Finally, although courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile. See Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment, allowing him to amend his Complaint would be futile; therefore, the Court declines to grant Plaintiff leave to amend.

---

[3] Moreover, given that Plaintiff has alleged that he has only suffered "mental pain and suffering and emotional distress" (Compl. at 4, ¶ 2.A), his claims also fail because the PLRA requires that a claim under Section 1983 include allegations of physical harm. See 42 U.S.C. § 1997e(e); see also Gunn v. Malani, No. 20-CV-2681 (KMK), 2021 WL 5507057, at *9 (S.D.N.Y. Nov. 23, 2021) (quoting Cox v. Malone, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002) ("[C]ourts have consistently held that [§] 1997e(e) bars prisoner civil rights suits seeking damages for constitutional violations where the inmate-plaintiff suffers only emotional and mental injury."), aff'd, 56 F. App'x 43 (2d Cir. 2003)); Greene v. Dep't of Corr., No. 10-CV-5344, 2012 WL 694031, at *3 (S.D.N.Y. Mar. 5, 2012) ("[c]ases asserting emotion harm, unaccompanied by a claim of physical harm, are routinely dismissed [under § 1997(e)].").

9

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP Application is GRANTED;

**IT IS FURTHER ORDERED** that the Complaint is sua sponte DISMISSED pursuant 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii), 1915A(b)(1) and that this case is CLOSED;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff at his address of record and include the notation "LEGAL MAIL" on the envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  May 23, 2022
        Central Islip, New York