UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KESTON BRAITHWAITE,

                    Plaintiff,

          -against-                          MEMORANDUM & ORDER
                                             22-CV-0974(JS)(AYS)
STEVEN GAITMAN, ESQ.; JASON RUSSO,
ESQ.; GAITMAN & RUSSO, PLLC; and
ALBER LAW GROUP BY JASON RUSSO, ESQ.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Keston Braithwaite, pro se
                   759792
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, New York 11901

For Defendants:    No appearance.

SEYBERT, District Judge:

          Presently before the Court is the Notice of Appeal of

incarcerated pro se Plaintiff Keston Braithwaite ("Plaintiff")

filed on June 13, 2022 (see Not. of App., ECF No. 16), which the

Court liberally construes as a motion for reconsideration of the

Court's May 23, 2022 Memorandum & Order to the extent it denied

Plaintiff leave to amend his Complaint.  (See Mem & Order, ECF No.

11.)  For the reasons that follow, the Court GRANTS the motion for

reconsideration, and, in conjunction therewith, directs the

vacatur of its May 25, 2022 Judgment (ECF No. 12) and the filing

of Plaintiff's Amended Complaint (ECF No. 15[1]).  Further, upon consideration of the Amended Complaint, the Court again finds that Plaintiff has failed to allege a plausible claim against any Defendant.  Thus, the Amended Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii), 1915A(b)(1).

PROCEDURAL HISTORY

To understand the procedural posture of this case, a brief review of Plaintiff's litigation history as is relevant to the present matter is warranted.[2]

---

[1]  As will be further discussed *infra*, Plaintiff's Amended Complaint was initially not accepted for filing and returned to Plaintiff as an attachment to a May 26, 2022 letter from the Court. The May 26 letter, together with Plaintiff's Amended Complaint and various attached exhibits, were all docketed as ECF No. 15.  For convenience, herein, the Court will simply cite the Amended Complaint as "ECF No. 15".

[2]  Plaintiff is a prolific filer in this Court.  Since January 2022, Plaintiff has filed eight pro se in forma pauperis complaints relating to his arrest and state court criminal prosecution:

(i)     Case No. 22-CV-0161(JS)(AYS), Braithwaite v. Hon. John B. Collins, et al.;
(ii)    Case No. 22-CV-0974(JS)(AYS), Braithwaite v. Gaitman, et al., i.e., the present action (aka, the "February 2022 Action");
(iii)   Case No. 22-CV-3750(JS)(AYS), Braithwaite v. Suffolk County, et al. (aka, the "June 2022 Action");
(iv)    Case No. 22-CV-5070(JS)(AYS), Braithwaite v. United States, et al.;
(v)     Case No. 22-CV-5071(JS)(AYS), Braithwaite v. State of New York, et al.;
(vi)    Case No. 22-CV-5073(JS)(AYS), Braithwaite v. Suffolk County, et al.;

2

I.    The Present Case, No. 22-CV-0974 (the "February 2022 Action")

        In the present February 2022 Action, by Memorandum and Order dated May 23, 2022 (hereafter, the "M&O"), the Court granted Plaintiff's application to proceed in forma pauperis ("IFP") and sua sponte dismissed his Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against his privately retained defense attorneys in an underlying, then on-going state criminal prosecution:[3] Steven Gaitman, Esq.; Jason Russo, Esq. ("Russo"); Gaitman & Russo, PLLC; and the Alber Law Group by Jason Russo, Esq. (collectively, the "Defendants").   (See M&O; Compl., ECF No. 1.)   Judgment was entered on May 25, 2022. (See ECF No. 12.)  The Court denied leave to amend the February 2022 Complaint given that Plaintiff purported to allege Section 1983 claims solely against his privately retained criminal defense attorneys who do not act under color of state law.  (See M&O at 6-10.)  In making that determination, the Court

_____

      (vii)   Case No. 22-CV-5074 (JS)(AYS), Braithwaite v. State of New York, et al.; and
      (viii)  Case No. 22-CV-5359(JS)(AYS), Braithwaite v. ADA Kubetz, et al.

[3] According to the information maintained by the New York State Office of Court Administration on its public website, in Suffolk County Court, Criminal Term, Case No. 00308C-2020, on July 18, 2022, Plaintiff was convicted by a jury on a multi-count indictment including two counts of Operating as a Major Trafficker, a class A-1 felony, and Conspiracy in the Second Degree, a class B felony. See https://iapps.courts.state.ny.us/webcrim (last visited on Sept. 16, 2022).

also considered whether liability could be imposed under a conspiracy theory (see id. at 7-8); in doing so, the Court carefully reviewed Plaintiff allegations in the February 2022 Complaint, finding:

> in conclusory fashion, Plaintiff alleges that the Defendants "conspired against Plaintiff's rights along with a Suffolk County Court and the District Attorney's Office of Suffolk County." (Id. at 4.) However, wholly absent are any factual allegations from which the Court could reasonably construe: an agreement between any of the Defendants and a state actor; any agreement to in concert to inflict an unconstitutional injury; or, any overt act done to inflict an unconstitutional injury on Plaintiff causing damages. Rather, Plaintiff's allegations are speculative and conclusory, and do not set forth a plausible Section 1983 claim against the Defendants. See Ciambriello, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.") (citations omitted); Ravenell v. County of Nassau, No. 18-CV-6010(JS)(AKT), 2019 WL 5423435, at *7 n.6 (E.D.N.Y. Oct. 21, 2019).

(Id. at 8-9.) Thus, having failed to "properly allege a conspiracy," (id. at 8 (citing Compl.)), the February 2022 Complaint was sua sponte dismissed pursuant to 28 U.S.C. §§ 1915)e)(2)(B)(i)-(ii), 1915A(b)(1). (See id. at 9.)

As yet unaware of the Court's M&O and Judgment regarding his February 2022 Complaint, Plaintiff submitted an amended

complaint pursuant to Section 1983 against the same Defendants, which was received by the Court on May 25, 2022. (See Am. Compl., ECF No. 15.) However, given the dismissal of Plaintiff's February 2022 Complaint and entry of Judgment, the Amended Complaint was returned to Plaintiff. (See May 26, 2022 Cover Letter, ECF No. 15., at 1.) On June 13, 2022, Plaintiff timely filed a Notice of Appeal as to the Clerk's May 25, 2022 Judgment. (See ECF No. 16.)

II.  Case No. 22-CV-3750(JS)(AYS) (the "June 2022 Action")

On June 23, 2022, Plaintiff commenced a new Section 1983 action, i.e., the June 2022 Action, against Suffolk County, New York ("Suffolk County"), the State of New York ("NY State"), the Suffolk County Correctional Facility (the "Jail"), Suffolk County Sheriff Errol D. Toulon ("Sheriff Toulon"), and twelve unnamed individuals who are each alleged to work at the Jail ("John Does 1-12"), alleging a deprivation of his First and Fourth Amendments rights due to purported restricted access to the Court and issues with the exchange of mail at the Jail beginning on December 9, 2020. (See June 2022 Action, Compl., ECF No. 1, in toto.[4]) Notably, in his June 2022 Complaint, Plaintiff alleged that he handed legal mail to the Commissary Officer on May 17, 2022, but

_____

[4] The June 2022 Complaint was accompanied by an IFP application. (See June 2022 Action, IFP App., ECF No. 2.)

5

it was not mailed out until May 24, 2022 because the Commissary Officer was on vacation. (June 2022 Compl. at 11-12.) Plaintiff claims that his other pending case, the February 2022 Action, "was prejudiced by the delay of mailing out Plaintiff's mail." (Id. at 12.) More specifically, Plaintiff alleges that, on May 17, 2022, he gave an envelope containing an Amended Complaint in the February 2022 Action to the Commissary Officer which was not mailed out of the Jail until May 24th. (See id. at 13.) However, by the May 23, 2022 M&O, this Court dismissed Plaintiff's Complaint in the February 2022 Action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) for failure to allege a plausible claim for relief. (See M&O.) Thus, in the June 2022 Action, Plaintiff alleges that his claims in the February 2022 Action were prejudiced by the mail delay because he intended to present a conspiracy theory of liability in his Amended Complaint in that earlier action. (See June 2022 Action, Compl., ECF No. 1, at 13-14; see also id., Ex. 9, attached to June 2022 Compl.)

III. The Amended Complaint

Plaintiff's Amended Complaint reflects that it was signed by Plaintiff and last notarized on May 7, 2022. (See February 2022 Action, Am. Compl., at 27, 34.[5]) It was received by

_____

[5] For clarity, the Court refers to the pagination assigned by the

the Court on May 25, 2022.  (Id. at 4.)  Plaintiff continues to name the same Defendants and, as he initially did, complains about their representation of him during the underlying state criminal proceedings.  (See id., in toto.)  In large part, the Amended Complaint is virtually identical to the original February 2022 Complaint.

Indeed, in both his February 2022 Complaint and his Amended Complaint, Plaintiff complains that Defendants provided ineffective assistance of counsel during Plaintiff's then-ongoing criminal prosecution and that Defendants conspired with the Suffolk County Court and the Suffolk County Attorney against him. (Cf. Feb. 2022 Compl., generally, and at 4, with Am. Compl., generally, and at 6, 18.)  In both pleadings, Plaintiff alleges that: (1) he was produced for court appearances on only two of the fourteen court dates at which counsel allegedly appeared on his behalf;[6] and (2) the Defendants represented to Plaintiff that motions were filed on his behalf in state court, including a habeas petition, that allegedly were not.  (See Feb. 2022 Compl. at 11-

---

Court's Electronic Case Filing ("ECF") system.

[6] Notably, Plaintiff has annexed transcripts of several of these challenged Court appearances that reflect only an adjournment rather than a substantive proceeding occurred.  (See Am. Compl. at 83, 94-97, 115-16, 127-130.)

13; Am. Compl. at 9, 13-17[7].)  Plaintiff's Amended Complaint, like the February 2022 Complaint, also alleges that "[Defendants] conspired against the Plaintiff's rights along with a County Court of Suffolk County Justice and the District Attorney's Office of Suffolk County."  (Am. Compl. ¶ II. at 6.)  Further, Plaintiff claims that the Defendants "consent[ed] to the People's ex parte applications and failed to protect the rights of Plaintiff." (Id.)  Additionally, Plaintiff's Amended Complaint claims that the Defendants

> conspired with Judge Collins and Meaghan
> Powers[,] Esq[.] of the Suffolk County
> District Attorney's Office to inf[r]inge on
> Plaintiff's Fourth Amendment right to
> unreasonable search and seizure by failing to
> oppose the order for buccal swabs that Gaitman
> and Russo knew the People did not have
> probable cause.

(Am. Compl. at 18.)

As a result of the foregoing, Plaintiff continues to claim a deprivation of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States

---

[7] Curiously, to his Amended Complaint, Plaintiff has annexed copies of an Order to Show Cause for Habeas Relief on his behalf signed by Associate Justice Deborah A. Dowling on August 12, 2021, as well as the Decision, Order & Judgment of the Appellate Division, Second Department, on that application.  (See Am. Compl. at 61-63.)  Thus, these documents belie Plaintiff's allegation that counsel did not file a habeas petition on his behalf.

Constitution.  (Id. at 23.)  Like in the original February 2022 Complaint, Plaintiff also claims to have suffered, among other things: emotional pain and mental anguish; headaches; depression; and lost wages.  As a result, Plaintiff he seeks to recover a damages award in the sum of $3 million, as well as unspecified injunctive and declaratory relief.  (Id. ¶ III. at 27.)

## IV.  The Court's Jurisdiction Upon the Filing of the Notice of Appeal and Its Construing the Notice of Appeal as a Motion for Reconsideration

Chief Judge Brodie recently noted:

> While the filing of a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its aspects of the case involved in the appeal," Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); Chevron Corp. v. Donziger, 990 F.3d 191, 210 (2d Cir. 2021) (same) (quoting Griggs, 459 U.S. at 56), a motion for reconsideration "constitutes an exception, as it 'postpones the efficacy of a notice of appeal until after the district court rules on the motion for reconsideration.'"  Ripa v. Stony Brook Univ., No. 17-CV-4941, 2019 WL 8886219, at *2 (E.D.N.Y. May 8, 2019) (quoting Smith v. City of New York, No. 12-CV-8131, 2014 WL 2575778, at *1 (S.D.N.Y. June 9, 2014)); Basciano v. Lindsay, No. 07-CV-421, 2008 WL 1700442, at *1 (E.D.N.Y. Apr. 9, 2008) ("[T]his court has jurisdiction to consider [the] [p]etitioner's motion for reconsideration, notwithstanding his previous filing of a notice of appeal, and the notice of appeal will become 'effective' when this order disposing of the motion is entered."), aff'd sub nom. Basciano v. Martinez, 316 F. App'x 50 (2d Cir. 2009); see

> also FED. R. APP. P. 4, Advisory Committee
> Notes to 1993 Amendments, Note to Paragraph
> (a)(4) ("A notice filed before the filing of
> one of the specified motions or after the
> filing of a motion but before disposition of
> the motion is, in effect, suspended until the
> motion is disposed of . . . ." (emphasis
> added))."

Ansari v. Tellez, No. 20-CV-2041, 2021 WL 2010399, at *2, n.5
(E.D.N.Y. Apr. 14, 2021).  Other district courts within the Second
Circuit have applied the same rule.  See, e.g., Vasquez v. Cullen,
No. 20-CV-7931, 2021 WL 930828, at *1 (S.D.N.Y. Mar. 9, 2021)
("Normally, '[t]he filing of a notice of appeal is an event of
jurisdictional significance -- it confers jurisdiction on the
court of appeals . . . . [However] . . . a district court has
jurisdiction to rule on a motion under Rules 59 or 60 of the
Federal Rules of Civil Procedure after a notice of appeal has been
filed, but only if the motion is filed within 28 days after the
entry of judgment.  FED. R. APP. P. 4(a)(4)(A)."); Azkour v. Little
Rest Twelve, No. 10-CV-4132, 2015 WL 1413620, at *1 (S.D.N.Y. Mar.
23, 2015) ("Although a notice of appeal usually divests the
district court of jurisdiction, where a party timely files a motion
under Rule 59, the district court retains jurisdiction to entertain
the motion, even where the notice of appeal was filed prior to the
Rule 59 motion.").

As noted at the outset, given Plaintiff's pro se status, the Court liberally construes his Notice of Appeal filed on June 13, 2022 (see ECF No. 16) as a motion for reconsideration of the Court's M&O dismissing the Complaint.  See Devers v. N.Y.S. Dep't of Corr. Serv's, No. 05-CV-900F, 2011 WL 4829425, at *2 (W.D.N.Y. Oct. 12, 2011) ("Given Plaintiff's pro se status, the court therefore treats Plaintiff's appeal as a motion for reconsideration pursuant to Rule 59(e).") (citing Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 762 (2d Cir. 1990) (instructing papers filed by pro se plaintiff held to less stringent standard than those drafted by attorneys)).  Indeed, "[t]his policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (cleaned up).  Thus, in this instance, construing Plaintiff's Notice of Appeal as a motion for reconsideration is a reasonable allowance undertaken by the Court to ensure Plaintiff's right to amend his Complaint and to avoid an unnecessary appeal of

the M&O.[8]  It follows that Plaintiff's filing of his Notice of
Appeal did not divest this Court of subject matter jurisdiction.

<u>DISCUSSION</u>

I.  <u>Motion for Reconsideration</u>

        "A motion for reconsideration should be granted only
when the [movant] identifies an 'intervening change of controlling
law, the availability of new evidence, or the need to correct a
clear error or prevent manifest injustice.'"  <u>Kolel Beth Yechiel</u>
<u>Mechil of Tartikov, Inc. v. YLL Irrevocable Trust</u>, 729 F.3d 99,
104 (2d Cir. 2013) (quoting <u>Virgin Atl. Airways, Ltd. v. Nat'l</u>
<u>Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for
reconsideration is "not a vehicle for relitigating old issues,
presenting the case under new theories, securing a rehearing on
the merits, or otherwise taking a second bite at the apple."
<u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52
(2d Cir. 2012) (quoting <u>Sequa Corp. v. GBJ Corp.</u>, 156 F.3d 136,
144 (2d Cir. 1998)) (internal quotation marks omitted).  The
standard for granting a motion for reconsideration is "strict, and

---

[8]    The Court notes that Plaintiff filed his motion for
reconsideration (albeit as an appeal) on June 13, 2022 (see Not.
of App., ECF No. 16), which was well-within 28 days from the May
25, 2022 entry of Judgment in this action.  See Fed. R. App. P.
4(a)(4)(A).  Thus, this timing further supports the Court's
construction of Plaintiff's Notice of Appeal as a motion for
reconsideration.

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, 684 F.3d at 52 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).

In this instance, granting reconsideration is warranted to prevent manifest injustice. Thus, given: Plaintiff's pro se status and that federal courts' special solicitude towards pro se litigants "takes a variety of forms, including liberal construction of papers, relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules," Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (internal quotation marks and citations omitted); (2) Plaintiff's timely attempt to amend his February 2022 Complaint prior to this Court's dismissal of it without leave to amend (see M&O); and (3) that, through no fault of his own, Plaintiff's Amended Complaint essentially crossed in the mail with this Court's M&O and Judgment, the consequence of which would be to unfairly prejudicial Plaintiff, the Court GRANTS THE MOTION FOR RECONSIDERATION (ECF No. 16); in accordance therewith, the Clerk of Court is to vacate the May 25, 2022 Judgment (ECF No. 12) and accept the Amended Complaint (ECF No. 15), together with the attached exhibits, for docketing.

13

Having granted the Motion for Reconsideration, the Court next considers whether the Amended Complaint sets forth a plausible claim for relief against any Defendant.

II. Consideration of the Amended Complaint Under Section 1915A

    A. Applicable Law

        1. 28 U.S.C. §§ 1915(e)(2), 1915A(a)

The Prisoner Litigation Reform Act ("PLRA") requires federal district courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See PLRA, 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights complaint, or any portion of that complaint or amended complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); Liner v. Goord, 196 F.3d 132, 134 & n. 1 (2d Cir. 1999) (noting that under §§ 1915, 1915A, sua sponte dismissals of frivolous prisoner complaints are not only permitted but mandatory). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

14

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally.  <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint or amended complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u>; <u>accord</u> <u>Wilson v. Merrill Lynch & Co.</u>, 671 F.3d 120, 128 (2d Cir. 2011).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

2. <u>Section 1983</u>

Section 1983 authorizes a civil claim for damages against any person who, acting under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or the laws of the United States.  <u>See</u> 42 U.S.C. §

1983; Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law[,] and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."  Rae v. County of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  Wyatt v. Cole, 504 U.S. 158, 161 (1992).

        3. State Action

        As stated above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law.  Thus, private parties are not generally liable under Section 1983 because such liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it."  Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (citation omitted).  "[T]he under-color-of-state-law element of § 1983

16

excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted); see also Kim v. Saccento, et al., No. 21-CV-2865, 2022 WL 9583756, at *2 (2d Cir. Oct. 17, 2022) (affirming sua sponte dismissal without leave to amend Section 1983 claims challenging "merely private conduct") (citing Am. Mfrs. Mut. Ins., 526 U.S. at 50).

Generally, attorneys are not state actors for purposes of Section 1983 regardless of whether they are court-appointed or retained. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also O'Donoghue v. U.S. Soc. Sec. Admin., 828 F. App'x 784, 787 (2d Cir. 2020) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act under color of state law and therefore are not subject to suit under 42 U.S.C. § 1983.") (citing Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997)); see also Pappas v. Lorintz, No. 19-3103, 832 F. App'x 8, 2020 WL 6066083, at *3 (2d Cir. Oct. 15, 2020) (summary order) (affirming dismissal of constitutional claims against a private lawyer because lawyer was not a state actor, not acting under color of state law, and not subject to a Section 1983 claim) (citing McGugan v. Aldana-Bernier,

17

752 F.3d 224, 229 (2d Cir. 2014)).

      Nevertheless, liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory.  See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002).  In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  Id.; see also Lewis v. Roth, No. 21-CV-6818(JS)(ARL), 2022 WL 393634, at *2 (E.D.N.Y. Feb. 9, 2022).

    B.   Application

      Here, Plaintiff's Amended Complaint must be dismissed because none of the Defendants are state actors; nor does Plaintiff properly allege a conspiracy.  (See Am. Compl., generally.) Rather, in conclusory fashion, Plaintiff again alleges that the Defendants "conspired against Plaintiff's rights along with a Suffolk County Court and the District Attorney's Office of Suffolk County." (Id. at ¶ II. at 6.)

      Nor does Plaintiff's allegation that the Defendants "consent[ed] to the People's ex parte applications and failed to protect the rights of Plaintiff" (id.) properly allege a

conspiracy.   Although the Amended Complaint now claims that the Defendants "conspired with Judge Collins and Meaghan Powers[,] Esq[.] of the Suffolk County District Attorney's Office to infringe on Plaintiff's Fourth Amendment right to [be free from] unreasonable search and seizure by failing to oppose the order for buccal swabs that Gaitman and Russo knew the People did not have probable cause" (id. at 18 (emphasis added)), simply describing counsel's alleged failure to oppose a court order as "conspiring" does not make it so.   Kim, 2022 WL 9583756, at *2 ("[V]ague and unsubstantiated assertions" as well as "speculative and broad allegations of conspiracy are insufficient to transform . . . merely private conduct . . . into state action for purposes of Section 1983.") (cleaned up).

        "Complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct, and the complaint must contain enough factual matter (taken as true) to suggest that an agreement was made." Houghtaling v. Downes, No. 20-CV-6168, 2022 WL 3582543, at *7 (W.D.N.Y. Aug. 22, 2022) (cleaned up).   Even a pro se Plaintiff

must include some factual allegations from which the Court can reasonably construe: an agreement between any of the Defendants and a state actor; any agreement to act in concert to inflict an unconstitutional injury; or, any overt act done to inflict an unconstitutional injury on Plaintiff causing damages.

As is readily apparent here, Plaintiff's allegations are speculative and conclusory, and do not set forth a plausible Section 1983 claim against the Defendants. See Ciambriello, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.") (citations omitted); Kim, 2022 WL 9583756, at *2 (holding same); Morpurgo v. Vill. of Sag Harbor, 697 F. Supp. 2d 309, 331 (E.D.N.Y. 2010) ("To sustain a claim for conspiracy under Section 1983, a plaintiff must demonstrate that the defendant acted in a willful manner, culminating in an agreement, understanding, or meeting of the minds, that violated the plaintiff's rights."). Accordingly, the Amended Complaint does not allege a plausible Section 1983 claim and is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).[9]

---

[9] Moreover, given that Plaintiff has alleged that he has suffered "mental pain and suffering and emotional distress" (Am. Compl. § 2.A. at 6), his claims also fail because the PLRA requires that a

Finally, although courts generally grant a <u>pro se</u> plaintiff an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile. See <u>Hill v. Curcione</u>, 657 F.3d 116, 123-24 (2d Cir. 2011). Here, permitting further amendments to Plaintiff's complaint would be futile. Moreover, since this Court has now considered Plaintiff's Amended Complaint, leave to further amend is not required. Indeed, "a busy district court need not allow itself to be imposed upon by

---

claim under Section 1983 include allegations of physical harm. <u>See</u> 42 U.S.C. § 1997e(e); <u>see also</u> <u>Gunn v. Malani</u>, No. 20-CV-2681 (KMK), 2021 WL 5507057, at *9 (S.D.N.Y. Nov. 23, 2021) (quoting <u>Cox v. Malone</u>, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002) ("[C]ourts have consistently held that [§] 1997e(e) bars prisoner civil rights suits seeking damages for constitutional violations where the inmate-plaintiff suffers only emotional and mental injury."), <u>aff'd</u>, 56 F. App'x 43 (2d Cir. 2003)); <u>Greene v. Dep't of Corr.</u>, No. 10-CV-5344, 2012 WL 694031, at *3 (S.D.N.Y. Mar. 5, 2012) ("[c]ases asserting emotion harm, unaccompanied by a claim of physical harm, are routinely dismissed [under § 1997(e)].")

Further, to the extent Plaintiff now alleges to have suffered headaches, that is not enough to make out physical harm under Section 1997e(e) of the PLRA. <u>See</u>, e.g., <u>Rosado v. Herard</u>, No. 12-CV-8943, 2014 WL 1303513, at *12 (S.D.N.Y. Mar. 25, 2014) (finding allegation of, among other things, suffering headaches did not sustain a claim of physical injury pursuant to Section 1997e(e)); <u>Abreu v. Nicholls</u>, No. 04-CV-7778, 2011 WL 1044373, at *3 (S.D.N.Y. Mar. 22, 2011) (finding that chronic headaches and an inability to sleep "do not constitute a 'physical injury' within the meaning of section 1997e(e) of the PLRA"), <u>report and recommendation adopted</u>, No. 04-cv-7778, 2012 WL 1079985 (S.D.N.Y. Mar. 30, 2012); <u>Leon v. Johnson</u>, 96 F. Supp. 2d 244, 249 (W.D.N.Y. 2000) (finding allegation of headaches causing vision loss and requiring pain medication did not constitute physical injury within scope of PLRA Section 1997e(e) (citation omitted)).

the presentation of theories seriatim." Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n, 898 F.3d 243, 258 (2d Cir. 2018) (internal quotation marks and citation omitted)). This is particularly true in the instance case because the Amended Complaint presented is virtually identical to the original, February 2022 Complaint. (Cf. Compl, ECF No. 1, with Am. Compl., ECF No. 15.) Because the defects in Plaintiff's Amended Complaint cannot be cured with an amendment, allowing him a further opportunity to amend would be futile, as well as a waste of judicial resources. Therefore, the Court declines to grant Plaintiff leave to further amend. However, Plaintiff is not precluded from pursuing any valid state law claims, including malpractice, he may have against the Defendants in state court.

CONCLUSION

Accordingly, for the reasons stated, **IT IS HEREBY ORDERED**:

1. Plaintiff's Notice of Appeal (ECF No. 16) is construed as a Motion for Reconsideration;

2. The Motion for Reconsideration is GRANTED;

3. Upon reconsideration, the Clerk of Court is directed:

   a. To VACATE the May 25, 2022 Judgment (ECF No. 12); and

b. To file the AMENDED COMPLAINT as a separate docket entry, with a filing date of May 25, 2022;

**IT IS FURTHER ORDERED** that upon consideration of the Amended Complaint, said Amended Complaint is <u>sua sponte</u> DISMISSED pursuant 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii), 1915A(b)(1); Judgment shall enter accordingly, and, thereafter, the Clerk of Court is directed to close this case;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Therefore, <u>in forma pauperis</u> status is DENIED for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the <u>pro se</u> Plaintiff at his address of record and include the notation "LEGAL MAIL" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    October 24, 2022
          Central Islip, New York